**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 1 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 1 | Lien Avoidance |

**Last revised: December 1, 2017**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:                                                    Case No.: _____17-33520_____

Phyllis Ann Rausa                                         Judge: _____MBK_____

     Debtor(s)

`1st Modified`
**Chapter 13 Plan and Motions**

☐ Original     ☒ Modified/Notice Required    Date: _____05/01/2018_____

☐ Motions Included   ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/WHO__    Initial Debtor: ____/s/PAR____    Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____393.00_____ per _____month_____ to the Chapter 13 Trustee, starting on

_____May 1, 2018_____ for approximately _____55_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

☐     Future earnings

☒     Other sources of funding (describe source, amount and date when funds are available):

Alimony, pension, Social Security

c.  Use of real property to satisfy plan obligations:

☒  Sale of real property
   Description: 276 Chelsea Avenue, Bayville, NJ 08721

   Proposed date for completion: _6 months after confirmati_

☐  Refinance of real property:
   Description:
   Proposed date for completion: _____

☐  Loan modification with respect to mortgage encumbering property:
   Description:
   Proposed date for completion: _____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

| Part 2: | Adequate Protection ☒ NONE |
| --- | --- |

a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b.  Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

| Part 3: | Priority Claims (Including Administrative Expenses) |
| --- | --- |

a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $  343.98 |
| DOMESTIC SUPPORT OBLIGATION | | |
| Internal Service Revenue | Taxes | $11,994.69 |
| State of New Jersey | Taxes | $407.00 |

b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Central Loan Administration | 276 Chelsea Avenue, Bayville, NJ 08721 | $3,844.95 | 0% | arrears to be paid from sale of real estate | $2,225.00 |

### b.  Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### c.  Secured claims excluded from 11 U.S.C. 506:  ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☐ NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| One Main | 2010 Dodge Charger | $11,820.00 | $6,000.00 | $0 | $6,000.00 | 4.5% | $6,711.60 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☒ NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan ☒ NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:    Unsecured Claims ☐ NONE

    **a. Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ _____0.00_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

    **b. Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:    Executory Contracts and Unexpired Leases ☒ NONE

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7:    Motions ☐ NONE

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens Under 11. U.S.C. Section 522(f).   ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

### b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| One Main | 2010 Dodge Charger | $11,820.00 | $6,000.00 | $6,000.00 | Balance of lien and interest above 4.5% rate |

## Part 8:    Other Plan Provisions

### a. Vesting of Property of the Estate

☒   Upon confirmation

☐   Upon discharge

### b.  Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c.  Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims - William H. Oliver
3) Secured Claim
4) Priority Claims; 5) General unsecured claims

### d.  Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: _____11/20/2017_____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Add sale of property located at 276 Chelsea Avenue Changed language for arrears to be paid from sale of real estate | part 1(c) added sale of property located at 276 Chelsea Avenue six months after confirmation<br>part 4(a) changed language from arrears being paid to arrears to be paid from sale of real estate |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐  Yes    ☒  No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: _05/01/2018_____        /s/ William H. Oliver, Jr._____
                                                                          Attorney for the Debtor


Date: _05/01/2018_____        /s/Phyllis Ann Rausa_____
                                                                          Debtor


Date: _____        _____
                                                                          Joint Debtor

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.


Date: 05/01/2018                                                            /s/ William H. Oliver, Jr.
                                                                           Attorney for the Debtor


I certify under penalty of perjury that the above is true.


Date: 05/01/2018                                                            /s/Phyllis Ann Rausa
                                                                           Debtor


Date: _____                                             _____
                                                                           Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                            Case No. 17-33520-MBK
Phyllis Ann Rausa                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin          Page 1 of 2          Date Rcvd: May 04, 2018
                             Form ID: pdf901       Total Noticed: 37

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 06, 2018.
db              +Phyllis Ann Rausa,    276 Chelsea Avenue,    Bayville, NJ 08721-1057
517188358       +Amex,   Correspondence,   Po Box 981540,    El Paso, TX 79998-1540
517188359       +Cenlar,   PO Box 77404,    Trenton, NJ 08628-6404
517188361       +Citibank / Sears,   Citicorp Credit Services/Attn: Centraliz,   Po Box 790040,
                 Saint Louis, MO 63179-0040
517188362       +Citibank/The Home Depot,   Citicorp Cr Srvs/Centralized Bankruptcy,   Po Box 790040,
                 S Louis, MO 63179-0040
517188363       +Comenity Bank/Victoria Secret,   Attn: Bankruptcy,   Po Box 182125,   Columbus, OH 43218-2125
517188364       +Comenitycapital/boscov,   Comenity Bank,   Po Box 182125,   Columbus, OH 43218-2125
517331657        Department Stores National Bank,   c/o Quantum3 Group LLC,   PO Box 657,
                 Kirkland, WA  98083-0657
517188366        ERC,   PO Box 23870,   Jacksonville, FL 32241-3870
517393110       +HomeBridge Financial Services, Inc.,   c/o Cenlar FSB,   425 Phillips Blvd,
                 Ewing, NJ 08618-1430
517188369        Macys American Express Account,   PO Box 9001108,   Louisville, KY 40290-1108
517345509       ++STATE OF NEW JERSEY,   DIVISION OF TAXATION BANKRUPTCY UNIT,   PO BOX 245,
                 TRENTON NJ 08646-0245
                 (address filed with court:  STATE OF NEW JERSEY,   DEPARTMENT OF THE TREASURY,
                 DIVISION OF TAXATION,   P.O. BOX 245,   TRENTON, NJ 08695-0245)
517188371       +State of New Jersey,   Division of Taxation,   PO Box 245,   Trenton, NJ 08602-0245
517188377       +Target,   C/O Financial & Retail Srvs,   Mailstopn BT POB 9475,   Minneapolis, MN 55440-9475
517188378        USAA Credit Card Payments,   10750 McDermott Fwy,   San Antonio, TX 78288-0570
517188379        Usaa Savings Bank,   Po Box 47504,   San Antonio, TX 78265
517188380       +Wells Fargo Bank,   Po Box 10438,   Macf8235-02f,   Des Moines, IA 50306-0438
517188381       +Wells Fargo Bank,   Attn: Bankruptcy,   Po Box 94435,   Albuquerque, NM 87199-4435
517351617        Wells Fargo Bank, N.A.,   Wells Fargo Card Services,   PO Box 10438, MAC F8235-02F,
                 Des Moines, IA 50306-0438
517204443       +Wells Fargo Bank, N.A.,   435 Ford Road, Suite 300,   St. Louis Park, MN 55426-4938

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: usanj.njbankr@usdoj.gov May 05 2018 00:13:01    U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,   Newark, NJ  07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 05 2018 00:12:57    United States Trustee,
                 Office of the United States Trustee,   1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517188360       +E-mail/Text: kzoepfel@credit-control.com May 05 2018 00:13:02    Central Loan Admin & R,
                 425 Phillips Blvd,   Ewing, NJ 08618-1430
517188368        E-mail/Text: cio.bncmail@irs.gov May 05 2018 00:12:33    Internal Service Revenue,
                 PO Box 7346,   Philadelphia, PA 19101-7346
517225762        E-mail/PDF: cbp@onemainfinancial.com May 05 2018 00:17:09    ONEMAIN,   P.O. BOX 3251,
                 EVANSVILLE, IN 47731-3251
517188370       +E-mail/PDF: cbp@onemainfinancial.com May 05 2018 00:16:48    Onemain,   Po Box 1010,
                 Evansville, IN 47706-1010
517337227        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 05 2018 00:16:59
                 Portfolio Recovery Associates, LLC,   c/o Sears Mastercard,   POB 41067,   Norfolk VA 23541
517337226        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 05 2018 00:16:59
                 Portfolio Recovery Associates, LLC,   c/o The Home Depot Consumer,   POB 41067,
                 Norfolk VA 23541
517386671        E-mail/Text: bnc-quantum@quantum3group.com May 05 2018 00:12:50
                 Quantum3 Group LLC as agent for,   MOMA Funding LLC,   PO Box 788,   Kirkland, WA  98083-0788
517188372       +E-mail/PDF: gecsedi@recoverycorp.com May 05 2018 00:17:47    Syncb/Toys 'R' Us,
                 Po Box 965064,   Orlando, FL 32896-5064
517191068       +E-mail/PDF: gecsedi@recoverycorp.com May 05 2018 00:16:53    Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
517188373       +E-mail/PDF: gecsedi@recoverycorp.com May 05 2018 00:17:14    Synchrony Bank/ JC Penney,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517188374       +E-mail/PDF: gecsedi@recoverycorp.com May 05 2018 00:17:21    Synchrony Bank/Care Credit,
                 950 Forrer Blvd,   Kettering, OH 45420-1469
517188375       +E-mail/PDF: gecsedi@recoverycorp.com May 05 2018 00:17:13    Synchrony Bank/Lowes,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517188376       +E-mail/PDF: gecsedi@recoverycorp.com May 05 2018 00:17:14    Synchrony Bank/Walmart,
                 Attn: Bankruptcy,   Po Box 965060,   Orlando, FL 32896-5060
517188365        E-mail/Text: bankruptcy@td.com May 05 2018 00:13:03    Commerce Bank Na,
                 Td Bank/Attn:Bankruptcy,   Po Box 9547,   Portland, ME 04112
517401127       +E-mail/Text: bncmail@w-legal.com May 05 2018 00:13:12    USAA SAVINGS BANK,
                 C/O Weinstein & Riley P.S.,   2001 Western Ave Ste. 400,   Seattle, WA 98121-3132
                                                                                            TOTAL: 17

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
District/off: 0312-3          User: admin           Page 2 of 2          Date Rcvd: May 04, 2018
                             Form ID: pdf901        Total Noticed: 37

517188367*    +ERC,  Po Box 23870,  Jacksonville, FL 32241-3870
                                                                        TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2018                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2018 at the address(es) listed below:
          Albert   Russo    docs@russotrustee.com
          Kevin Gordon McDonald    on behalf of Creditor   HomeBridge Financial Services, Inc.
           kmcdonald@blankrome.com,  bkgroup@kmllawgroup.com
          Rebecca Ann Solarz   on behalf of Creditor   HomeBridge Financial Services, Inc.
           rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
          William H. Oliver, Jr.   on behalf of Debtor Phyllis Ann Rausa bkwoliver@aol.com,
           R59915@notify.bestcase.com
                                                                        TOTAL: 5
```